DLD-276                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1120
_____

IN RE: PAMELA KAJLA,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-01043)
District Judge:  Honorable Michael A. Shipp

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2020
Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: October 2, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Pamela Kajla, proceeding pro se, appeals from a final order of the United States

District Court for the District of New Jersey.  That order affirmed an order of the United

States Bankruptcy Court for the District of New Jersey, which granted the motion of U.S.

Bank N.A. as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mortgage Backed Pass-Through Certificates, Series 2005-8 ("U.S. Bank") to lift the automatic stay in Kajla's Chapter 13 bankruptcy case.  Because no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Kajla and her spouse, Ajay Kajla, defaulted on a mortgage.  In 2015, the Superior Court of New Jersey, Chancery Division, entered a final judgment of foreclosure against the couple; the Appellate Division affirmed that judgment in 2016.  See Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. MBS ARMT 2005-8, 806 F. App'x 101, 103 (3d Cir. 2020) (not precedential).[1]  On the eve of a scheduled eviction in 2018, Kajla filed a Chapter 13 bankruptcy petition, see In re Pamela Kajla, No. 18-33602 (Bankr. D.N.J.) ("P.K. Bankr. Dkt."),[2] the couple's fourth bankruptcy petition filed to delay or cease the foreclosure proceedings through the automatic stay under 11 U.S.C. § 362(a).

U.S. Bank filed a motion for in rem relief from the automatic stay.  P.K. Bankr. Dkt. #12.  Kajla opposed the motion, raising allegations of fraud that had been raised in her husband's bankruptcy and his District Court proceedings.  P.K. Bankr. Dkt. #17.  The Bankruptcy Court granted U.S. Bank's motion under 11 U.S.C. § 362(d)(4).  P.K. Bankr. Dkt. #41.

---

[1] In that appeal, we affirmed the District Court's judgment dismissing Kajla's husband's complaint, which alleged wrongdoing by various parties in connection with the same foreclosure action.

[2] We will use the initials "P.K." to differentiate this Bankruptcy Court docket from one that we discuss in Kajla's husband's appeals at C.A. Nos. 19-3978 and 19-3979.

Kajla appealed to the District Court and filed a motion for a temporary restraining order and for permanent injunctive relief. Dkt. #5. The District Court denied the motion. Dkt. #16. Kajla then raised five claims, arguing that the Bankruptcy Court erred by: (1) granting U.S. Bank's motion for relief from the stay; (2) not looking at evidence of fraud; (3) not issuing a written opinion; (4) showing bias because of her husband's bankruptcy litigation; and (5) not respecting her rights as a pro se litigant. The District Court denied her appeal. See District Court Memorandum Opinion, Dkt. #29; District Court Order, Dkt. #30.

Kajla timely appealed to our Court. The Clerk granted her motion to proceed in forma pauperis and informed her that we would consider whether the appeal should be dismissed under 28 U.S.C. § 1915(e), and whether summary action was appropriate. Kajla has not responded.

The District Court had jurisdiction over this case under 28 U.S.C. § 158(a)(1), and we now have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. "Because the District Court acted as an appellate court, we review its determinations de novo." See In re Denby-Peterson, 941 F.3d 115, 122 n.21 (3d Cir. 2019). "Our review of the Bankruptcy Court's order[] is the same as that exercised by the District Court." See In re Exide Techs., 544 F.3d 196, 205 (3d Cir. 2008). Like the District Court, we review the Bankruptcy Court's decision to grant relief from the automatic stay for abuse of discretion. See In re Myers, 491 F.3d 120, 125, 128 (3d Cir. 2007).

A bankruptcy court "shall grant [a motion for] relief from the stay" . . .

**(4)** with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--

**(A)** transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

**(B)** multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4). The District Court properly noted that Kajla has admitted "that her spouse repeatedly filed for bankruptcy not to facilitate a reorganization of personal debt, but 'to protect his property from fraudulently induced foreclosure.'" Dist. Ct. Op., Dkt. #29 at 7 (quoting Kajla's brief, Dkt. #24 at 5). We agree with the District Court that "[t]hese repeated actions demonstrate an intent to delay or hinder creditors with valid claims," and we determine that the Bankruptcy Court did not abuse its discretion in granting U.S. Bank relief from the automatic stay.[3]

Based on our review of the record, we discern no error in the District Court's determination that Kajla failed to show that she was prejudiced in any way by the Bankruptcy Court's failure to produce a written opinion. We also agree that Kajla failed to establish that the Bankruptcy Court exhibited clear bias, that it failed to consider the facts, or that it failed to respect her rights as a pro se litigant.

---

[3] The District Court declined to consider Kajla's argument that the Bankruptcy Court's order was invalid because U.S. Bank did not establish that it could proceed under Federal Rule of Bankruptcy Procedure 3001, as the Bankruptcy Court did not address the issue. Dist. Ct. Op., Dkt. #29 at 7-8. Rule 3001, which concerns how a creditor establishes a proof of claim, has no bearing here, because the real property had already been sold at sheriff's sale and was not a part of Kajla's bankruptcy estate when she filed the bankruptcy petition.

4

As to Kajla's argument that the Bankruptcy Court failed to consider U.S. Bank's "fraud," those claims, like those of her husband, are foreclosed by New Jersey's entire controversy doctrine. Kajla's allegations of fraud were solely intended to challenge U.S. Bank's right to foreclose on the real property. Thus, the allegations were "germane" to, and should have been raised in, the state foreclosure action. See Kajla, 806 F. App'x at 105 (explaining that "claims arising directly out of the mortgage that is the basis of the foreclosure action are 'germane' for purposes of the entire controversy doctrine").

For all of these reasons, we will summarily affirm the District Court's judgment.